*KAMALA D. HARRIS*
*Attorney General*

State of California
DEPARTMENT OF JUSTICE



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5781
Facsimile: (415) 703-1234
E-Mail: Jose.ZelidonZepeda@doj.ca.gov

January 25, 2016

*Via Electronic Mail*
Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Haynie, et al. v. Harris*, et, al.
United States Court of Appeals for the Ninth Circuit, Case No. 14-15531

Dear Ms. Dwyer:

Defendants respond to Plaintiffs' Rule 28(j) letter regarding *Knife Rights Inc. v. Vance*, 802 F.3d 377 (2d. Cir. 2015). The Second Circuit's decision is distinguishable, and does not support a conclusion that Plaintiffs have standing.

In *Knife Rights*, plaintiffs challenged a New York law banning "gravity knives." 802 F.3d at 379. Plaintiffs included an artist and an art dealer who regularly carried folding knives until they were accused of violating the law, and who would, but for the threatened enforcement, continue doing so. *Id.* at 380-81. Plaintiffs also included a store that had sold folding knives until it entered a deferred prosecution agreement (to pay fines and stop selling the knives) to settle charges resulting from an undercover investigation. *Id.* at 381. The court concluded these parties had standing. The store had previously been the subject of an enforcement action, and thus its "professed fear of prosecution is hardly conjectural or hypothetical." *Id.* at 385. Likewise, the individual plaintiffs had carried folding knives in the past, wished to carry them in the future, and previously had been charged with violating the gravity knife ban. *Id.* at 386. Unlike the plaintiff in *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), controlling precedent on standing, the plaintiffs "wished to engage in the very conduct" that resulted in charges against them, and the record showed that the defendant would charge them again if the plaintiffs engaged in this conduct. *Knife Rights*, 802 F.3d at 387.

By contrast here, neither Plaintiff showed more than a "conjectural or hypothetical" fear of future prosecution. Although Plaintiff Haynie was once mistakenly arrested for violating state law, he subsequently sold the firearms at issue, rendering speculative his claim that he would suffer similar encounters with law enforcement in the future. (ER at 11.) Plaintiff Richards likewise cited nothing other than his past arrests to meet the standing requirement. (*Id.* at 12.)

But "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lyons*, 461 U.S. at 95-96.

       Sincerely,

       /s/ *Jose A. Zelidon-Zepeda*
       JOSE A. ZELIDON-ZEPEDA
       Deputy Attorney General

For    KAMALA D. HARRIS
       Attorney General

Cc: Donald Kilmer, Esq., counsel for Plaintiffs-Appellants (via Electronic filing)

SA2014115310

# CERTIFICATE OF SERVICE

Case Name: __Haynie, et al. v. Harris, et, al.__   No. __14-15531__

I hereby certify that on January 25, 2016, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**LETTER TO THE CLERK OF THE COURT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on January 25, 2016, at San Francisco, California.

|  |  |
|---|---|
| M. T. Otanes | *s/ M. T. Otanes* |
| Declarant | Signature |

20810168.doc