# Law Offices of Donald Kilmer
A Professional Corporation

1645 Willow Street, Suite 150
San Jose, California 95125-3030
E-Mail: Don@DKLawOffice.com
Phone: 408/264-8489
Fax: 408/264-8487

July 7, 2016                **E-File**

Clerk of Court
United States Court of Appeals
For the Ninth Circuit
95 Seventh Street
San Francisco, California 94103-1526

    Re:      *Haynie, et al. v. Harris, et al.,* - Case No.: 14-15531
                 Fed.R.App.Proc. Rule 28(j) Correspondence [Response]
    Status:    Oral Argument is set for July 20, 2016.
    Action:    Distribute Pursuant Federal Rule 28(j) and Circuit Rules.

Your Honor(s):

This letter responds to Appellees' Fed. R. App. P. 28(j) letter filed on July 5, 2016. (DktEntry 43). Appellants do not agree that AB 1135 & SB 880 moots any part of this case. The constitutional violations are capable of repetition.

This case never was about bullet-buttons *per se*. One of the three false arrests (by local law enforcement agencies) was predicated on possession of an unregistered rifle with a mis-identified flash-hider. These new laws do not change or clarify the definition of flash-hiders, which remains an ambiguous term.

This case is about whether the Attorney General has a duty to respond to technology changes when criminal sanctions have been wrongfully imposed (and will likely continue to be wrongfully imposed) due to ambiguous definitions. The fact that California has now amended its "Assault Weapon" statute for the third or fourth time, is itself an indication of the ambiguities arising out of bill drafting and technological innovation.

Case in point? In response to AB 1135 & SB 880, the market has already responded with this innovation:

https://youtu.be/XedaFH6pC1o

This new device converts a rifle's magazine to "fixed" as that term is defined in the newly enacted statutes. With this device properly installed, a partial - though simple - disassembly of the firearm is necessary to change the magazine. The AR pattern rifle design will remain a viable legal semi-automatic rifle in California with this modification.

The question to the Attorney General's office, and implicitly to this Court is: How many more false arrests by local agencies for possession of these rifles will be necessary before the Attorney General is culpable for inaction or until the statutory scheme becomes unconstitutionally vague?

Appellants are asking this Court to find that the Attorney General has a non-delegateable duty to respond to these technological innovations to prevent chilling a fundamental right. This finding is critical to insure that gun owners can comply with the law and necessary to prevent local law enforcement agencies from making false arrests for conduct clearly protected by the Second Amendment.

This letter contains 341 words.

                                         Respectfully,

                                         /s/ Donald Kilmer
                                         Attorney for Appellants

## CERTIFICATE OF SERVICE

On July 7, 2016, I served this RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY by electronically filing it with the Court's ECF/CM system, which generated a Notice of Filing and effects service upon counsel for all parties in the case. I declare under penalty of perjury that the foregoing is true and correct on this July 7, 2016.

                /s/ Donald Kilmer
                Attorney of Record for Appellants