

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-1577
Facsimile: (415) 703-1234
E-Mail: Patty.Li@doj.ca.gov

July 14, 2016

<u>*Via Electronic Case Filing*</u>
Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Haynie, et al. v. Harris, et al.*, Case No. 14-15531

Dear Ms. Dwyer:

## SUPPLEMENTAL LETTER BRIEF
## <u>BY ORDER OF THE COURT</u>

Defendants-Appellees Attorney General Kamala Harris and the California

Department of Justice (collectively, the "Attorney General") submit this

supplemental letter brief in response to the Court's July 7, 2016 order directing the

parties to address whether a live case or controversy remains in this appeal, in light

of recent amendments to California's Assault Weapons Control Act ("AWCA").

As a threshold matter, and as argued in the main briefing, this case has never

presented a live case or controversy both because Plaintiffs lack standing and their

claim is not ripe. Enactment of the AWCA amendments renders this case even less

justiciable. As set forth below, when the AWCA amendments take effect on

January 1, 2017, a court will be unable to grant the relief Plaintiffs seek with

respect to weapons equipped with a bullet button, making this portion of the case

moot.  These amendments will not moot the remaining portion of Plaintiffs' claim,

regarding weapons equipped with a flash suppressor, but that claim nevertheless

fails for lack of standing and ripeness.

**Plaintiffs' Second and Fourteenth Amendment Claims**

Plaintiffs challenge the AWCA as unconstitutionally vague and ambiguous,

and seek an injunction directing the Attorney General to issue a bulletin or

regulation interpreting the AWCA.  Third Amended Consolidated Complaint

("Compl.") ¶¶ 109-113.  Specifically, they contend that the Second and Fourteenth

Amendments of the U.S. Constitution require the Attorney General to "clarify" that

the AWCA does not apply to firearms with a bullet button, a device that requires

the use of a tool (such as a bullet) to remove the magazine.  Compl. ¶¶ 38, 39, 113.

In addition, they allege that the Attorney General must provide a clearer definition

of a flash suppressor, which implementing regulations currently describe as "any

device designed, intended, or that functions to perceptibly reduce or redirect

muzzle flash from the shooter's field of vision."  Compl. ¶¶ 70, 71, 106; Cal. Code

Regs. tit. 11, § 5469(b).

**The AWCA Amendments Will Moot the Bullet Button Claim**

Even if Plaintiffs had standing, and even if their claims were ripe, the recent

amendments to the AWCA will moot their bullet button claim once the

amendments take effect on January 1, 2017.

Currently, the AWCA does not regulate weapons equipped with a bullet

button because they require a tool—a bullet—to remove the magazine from the

firearm, and as such do not fall within the definition of an assault weapon.  The

AWCA definition of an "assault weapon" includes a weapon with "the capacity to

accept a detachable magazine," in addition to any one of several specified

attributes.[1]  Cal. Penal Code §§ 30515(a)(1) and (a)(4).  Implementing regulations

---

[1] For "a semiautomatic, centerfire rifle," these attributes are:
    (A) A pistol grip that protrudes conspicuously beneath the action of the
weapon.
    (B) A thumbhole stock.
    (C) A folding or telescoping stock.
    (D) A grenade launcher or flare launcher.
    (E) A flash suppressor.
    (F) A forward pistol grip.
Cal. Penal Code § 30515(a)(1).  For a "semiautomatic pistol," these attributes are:
    (A) A threaded barrel, capable of accepting a flash suppressor, forward
    handgrip, or silencer.
    (B) A second handgrip.
    (C) A shroud that is attached to, or partially or completely encircles, the
    barrel that allows the bearer to fire the weapon without burning the bearer's
    hand, except a slide that encloses the barrel.

(continued…)

define a "detachable magazine" as "any ammunition feeding device that can be

removed readily from the firearm with neither disassembly of the firearm action

*nor use of a tool* being required." Cal. Code Regs. tit. 11, § 5469(a) (emphasis

added). The regulations also specify that "[a] bullet or ammunition cartridge is

considered a tool." *Id*. Thus, bullet button firearms, which have a magazine that

can only be removed from the firearm with the use of a bullet, do not fall within

the current definitions of assault weapon in Penal Code sections 30515(a)(1) and

(a)(4).

The amendments to the AWCA will change existing law by including

weapons equipped with a bullet button within the statutory definition of an assault

weapon. Rather than defining an assault weapon as one with "the capacity to

accept a detachable magazine" as before, the amendments define an assault

weapon in the negative, as one that "does not have a fixed magazine," and further

define "fixed magazine" as "an ammunition feeding device contained in, or

permanently attached to, a firearm in such a manner that the device cannot be

removed without disassembly of the firearm action." AB 1135 & SB 880, §§ 1

---

*(…continued)*

> (D) The capacity to accept a detachable magazine at some location outside
> of the pistol grip.

(continued…)

(amending Cal. Penal Code §§ 30515(a)(1), (a)(4), (b)). Weapons equipped with a

bullet button do not have a "fixed magazine" as defined in the amendments, and so

will be considered assault weapons if they also have one of the attributes listed in

Penal Code sections 30515(a)(1) and (a)(4). Under the definition of "fixed

magazine," it does not matter that a bullet is required to remove the magazine from

the firearm, because the magazine may be removed "without disassembly of the

firearm action." *Id*. (amended Cal. Penal Code § 30515(b)).

These changes will moot Plaintiffs' claim regarding weapons equipped with

a bullet button once they take effect on January 1, 2017.[2] "A case becomes moot

when interim relief or events have deprived the court of the ability to redress the

party's injuries." *Amer. Cas. Co. of Reading, Penn. v. Baker*, 22 F.3d 880, 896

(9th Cir. 1994) (citation omitted). A claim may become moot when "a new

statutory enactment has removed the basis or need for relief." *Smith v. Univ. of*

*Washington, Law Sch.*, 233 F.3d 1188, 1195 (9th Cir. 2000) (affirming dismissal

---

*(…continued)*

Cal. Penal Code § 30515(a)(4).
[2] Cal. Const. art. IV, § 8(c)(1) and Cal. Gov. Code § 9600(a) ("a statute enacted at a regular session shall go into effect on January 1 next following a 90-day period from the date of enactment of the statute").

based on mootness after passage of voter initiative prohibiting practice challenged in litigation).

As of January 1, 2017, the relief Plaintiffs requested — an order requiring the Attorney General to issue clarification or guidance that weapons equipped with a bullet button *are not* subject to the AWCA — will not be available because the AWCA will provide instead that such weapons *are* regulated by the AWCA. The amendments will thus make it impossible for a court to grant the relief Plaintiffs seek with respect to weapons with a bullet button, rendering that claim moot. *See Soranno v. Clark County*, 345 F.3d 1117, 1118–19 (9th Cir. 2003) (holding as moot challenge to ordinance requiring permit for newsracks upon amendment of ordinance to exclude newsracks on sidewalks owned and maintained by private entities like plaintiff).

Plaintiffs' belated attempt to frame their action as a general test of the Attorney General's duties, unmoored from any specific constitutional violation, is insufficient to save the bullet button claim. Plaintiffs argue that the complaint concerns "constitutional violations [that] are capable of repetition," and that "[t]his case was never about bullet-buttons *per se*." Rather, Plaintiffs maintain, "[t]his case is about whether the Attorney General has a duty to respond to technology changes when criminal sanctions have been wrongfully imposed (and will likely

continue to be wrongfully imposed) due to ambiguous definitions." Letter from Donald Kilmer to Clerk of Court (July 7, 2016), at 1. However, there are no such allegations in the Third Amended Consolidated Complaint. That complaint specifically alleges claims based on arrests for possession of weapons with a bullet button or a flash suppressor, and on purported uncertainties about the legality of those types of weapons. Compl. ¶¶ 22–103. "[W]hether the Attorney General has a duty to respond to technology changes" in the abstract, and whether the Attorney General has a duty to issue regulations or guidance in response to recent changes manufacturers have purportedly made to weapons in response to the amendments to the AWCA, are not issues that are properly before this Court, because they were never presented to the District Court. *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011) ("[W]e will not reframe an appeal to review what would be in effect a different case than the one decided by the district court.").

Sincerely,

*/s/ P. Patty Li*
P. PATTY LI
Deputy Attorney General

For    KAMALA D. HARRIS
Attorney General

Cc: Donald Kilmer, Esq., counsel for Plaintiffs-Appellants (via Electronic Case Filing)

**CERTIFICATE OF COMPLIANCE**
**PURSUANT TO FED.R.APP.P 32(a)(7)(C) AND CIRCUIT RULE 32-1**
**FOR 14-15531**

I certify that: (check (x) appropriate option(s))

| X | Pursuant to Fed.R.App.P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached supplemental letter brief is |

| X | Proportionately spaced, has a typeface of 14 points or more and contains <u>1,196</u> words,

| July 15, 2016 | _s/ P. Patty Li_ |
|---|---|
| Dated | P. Patty Li |
| | Deputy Attorney General |

# CERTIFICATE OF SERVICE

Case Name:   *Haynie, et al. v. Harris, et, al.*          No.   **14-15531**

I hereby certify that on <u>July 14, 2016</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**SUPPLEMENTAL LETTER BRIEF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>July 14, 2016</u>, at San Francisco, California.

| M. T. Otanes | *s/ M. T. Otanes* |
|:---:|:---:|
| Declarant | Signature |

SA2014115310
20875543.doc